ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 3 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALERIE FARLEY, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION, FILE NUMBER 1:07-CV-241-CC |
| PUBLIX SUPER MARKETS, INC., | : |
| Defendant. | : |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff generally objects to the Defendant's Memorandum in Support of the Defendant's Motion for Summary Judgment on the basis that it doesn't address the issues that should be addressed in a motion for summary judgment, that is, whether important material disputes over the facts of the case exist. Judges don't decide factual disputes when ruling on a motion for summary judgment for two primary reasons. First, the evidence is all on paper, so judges do not have a chance to evaluate the witnesses' credibility. Second, the Constitutional Right of the plaintiff for a trial by jury on all fact issues.

Thus, judges will not grant summary judgment when important facts are in

dispute. In other words, the issue is limited in a motion for summary judgment to determine whether or not there is evidence which a jury could find in the plaintiff's favor. The foregoing reason is why the Plaintiff moves the court to strike both of the Rule 56's Defendant's Declarations of Dexter Hinfield and Woody Easley, Exhibits "A" and "B"., attached to Defendant's Statement of Material Facts, pursuant to Local Rule 56.1(B).

Furthermore, Defendant's non-factual conclusions or assertions should be stricken, to-wit:

"an amazing story"

"problem with soda machine"

"reasonable care in maintaining the soda machine"

"the story"

"malfunction of the soda machine"

Plaintiff shows there are no allegations whatsoever that the drink machine was defective mechanically.

Confer: Defendant's Statement of Material Facts, pursuant to Local Rule 56.1 (B), Statement of Material Facts, 6, 7, 8.

In ruling on a motion for summary judgment, the court should never weigh the

evidence or rule upon the "facts". Instead, the court's role under Rule 56 is narrowly limited to assessing the issue or whether a genuine issue or issues exist as to material facts requiring a trial. <u>Anderson vs. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

Subject to and without waiving the General Objection the Plaintiff Farley responds specifically as follows:

## STATEMENT OF FACTS

On December 20, 2004, the Plaintiff was a business invitee at Defendant's place of business and on said date she fell in the premises in the Deli Department. The evidence will show that there were foreign substances which caused her to fall, i.e., ants. The evidence will further show that the Defendant's agents and employees had actual and subjective notice of the ants, and it failed to inspect and failed to warn the Plaintiff, and as a result she fell due to the negligence of Defendant's agents and employees in not properly inspecting and cleaning the foreign substance from the drink dispenser. Finally, the Plaintiff shows that the Defendant had actual and constructive knowledge of the hazard and she was in no way negligent, and that her medical bills and pain and suffering were directly caused by the negligence of the defendant's agents and employees' acts and/or omissions.

## ARGUMENT AND CITATION OF AUTHORITY

In order to establish a right of recovery against a store owner for negligently allowing a hazardous or defective condition to exist on the premises, a plaintiff invitee must prove that the owner had superior actual or constructive knowledge of the existence of the condition and of the danger presented thereby. See generally Rogers vs. Atlanta Enterprises, 89 Ga. App. 903, 806; 81 S.E.2d 721 (1954); Speaks vs. Rouse Co., 172 Ga. App. 9, 321 S.E.2d 774 (1984). However, to prevail on motion for summary judgment, the Defendant in such a case, as movant, has the burden of proof and thus must establish the absence of such superior knowledge on its part, with all doubts and conflicts in the evidence being resolved in favor of the Plaintiff. See generally Ham vs. Ham, 230 Ga. 43, 195 S.E.2d 429 (1973). Sealy vs. Western Broadcasting, 168 Ga. App. 493, 309 S.E.2d 633 (1983).

The Plaintiff herein contends that the Defendant had actual and constructive knowledge of the hazard. There were employees in the immediate area where the ants were, and they were looking in that direction prior to her fall, and finally, there was no legal inspection carried out by the Defendant. In other words, Plaintiff contends that Defendant had actual and constructive knowledge of the presence of

the ants. It is well-settled that issues of negligence, diligence, contributory negligence, proximate cause and assumption of risk are not to be decided by the court as a matter of law except in plain and indisputable cases. James v. Sears, Roebuck & Co., 140 Ga. App. 859, 232 S.E.2d 274 (1976). The evidence of record in the present case does not establish that the Plaintiff's encounter with the ants was equal to or greater than the Defendant's. Publix had the burden of showing that no genuine issue of fact existed as to Defendant's lack of actual or constructive knowledge of the ants on the floor. Food Giant vs. Cooke, 186 Ga. App. 253, 366 S.E.2d 781 (1988); Winn-Dixie of Greenville vs. Ramey, 186 Ga. App. 257, 366 S.E.2d 785 (1988).

Where reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate. Pound v. Augusta National, 158 Ga. App. 166, 279 S.E.2d 342 (1981). See Hillsman vs. Kroger Co., 187 Ga. App. 570, 370 S.E.2d 755 (1988). The rule has been, and continues to be, that on motion for summary judgment, regardless of which party has the burden of proof at trial, if a material fact has been alleged in the complaint, or can be reasonable drawn from the

pleadings, or has been raised by the evidence placed in the record by any party, the Defendant-movant has the burden of proving the non-existence of that fact.

The Defendant's store managers have denied the allegations which created a material conflict in the evidence. Therefore, there are genuine issues as to the material facts.

In ruling on a motion for summary judgment, the Court should never weigh the evidence upon the facts. Instead, the Court's role under Rule 56 is narrowly limited to assessing the whether or not a genuine issue exists as to material facts requiring a trial. See <u>Anderson vs. Liberty Lobby, Inc.</u>, 477 U. S. 242, 106 S.Ct. 2505 (1986). Thus, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the on-moving party's favor. See <u>Eastman Kodak Co. Vs. Image Technical Servs., Inc.</u>, 504 U.S. 451, 112 S.Ct. 2072.

The Court will not weigh the credibility of witnesses or other evidence in ruling on a motion for summary judgment. Evaluating credibility, weighing evidence and drawing factual inferences are all functions reserved for the jury. In other words, the Plaintiff must show by affidavit, deposition testimony or otherwise, that a

genuine issue of material fact remains for trial. See Miller vs. Houghton, 115 F.3d 348, 350 (5th Cir. 1997). Also, it should be mentioned at this time that the res gestae statements in Plaintiff's Declaration (Exhibit B) are admissible as evidence since they are made by a Deli Clerk in the presence of the Assistant Manager. Cf. Declaration of Plaintiff Farley, Page 3.

Ordinarily, a hearsay statement made by an unidentified person can never be admitted as a res gestae exception to the hearsay rule. Whitley vs. State, 137 Ga. App. 68, 223 S.E.2d 17. In this case the statement by the unidentified clerk as to "Those ants are always around the machine because of the sugar", was made in the presence of the assistant manager, and therefore, such statement of the unidentified clerk is an admission against interest by the employee and is admissible. Watson vs. Kroger Company, 231 Ga. App. 741, 500 S.E.2d 631 (1998). The Court must remember that the statement by the Deli Clerk was made immediately after the attack by the ants.

## CONCLUSION

In order to state a cause of action in a case where the Plaintiff alleges that due to an act of negligence by the Defendant she slipped and fell on a foreign substance on Defendant's floor, the Plaintiff must show (1) that the Defendant had actual

and/or constructive knowledge of the foreign substance; (2) that the Plaintiff was without knowledge of the hazard, or for some reason attributed to the Defendant, was prevented from discerning the foreign substance. Alterman Foods vs. Ligon, 246 Ga. 620, 623, 272 S.E.2d 327 (1980). The Defendant has not negated any essential element of Plaintiff's case. Since these issues cannot be resolved as a matter of law, the motion for summary judgment should not be granted. Questions of negligence, contributory negligence and proximate cause are ordinarily for the jury.

In addition, on Page 5 of the Defendant's Memorandum in Support of the Motion for Summary Judgment, the Defendant contends that its Motion for Summary Judgment should be granted because of "an unreasonable risk of harm", apparently caused by the Plaintiff. The Plaintiff contends that such a conclusion or opinion can't be considered in deciding to grant a motion for summary judgment. Opinion evidence alone will not support an award of summary judgment. Ginn v. Morgan, 225 Ga. 192, 167 S.E.2d 393 (1969).

A person's state of mind as to motive, knowledge, intent, bad or good faith, etc., are not issues to be considered in deciding to grant a motion for summary judgment. In other words, the Court must be extremely cautious when it comes to

intent. Geter vs. Medtronic, Inc., 90 F.3d, 238 (7th Cir.) (1996); Hossaini vs. Western Missouri Medical Center, 97 F.3d, 1085 (8th Cir.) (1986).

In reference to Defendant's assertion that Plaintiff's "unreasonable risk of harm" was caused by her reaction is without evidence to support such an assertion. This case should not be involved with gender stereotyping, for most people, male or female, have a fear of ants. It should be noted at this time that Defendant has not submitted a sworn statement from the six (6) Deli Clerks and Assistant Manager on duty at the store on December 20, 2004. Confer Defendant's Response and Exhibits attached thereto, to Plaintiff's Interrogatories which are on file in this case. Also, why didn't the Defendant develop the surveillance tapes and show the Court what was on the tapes. Confer Interrogatory No. 3, Page 2, of Plaintiff's Interrogatories to Defendant and Defendant's Responses. Instead, the Defendant is merely speculating on the allegation about "unreasonable risk of harm".

Charles E. Muskett
Ga. State Bar No. 532800
Attorney for Plaintiff

1103 Cleveland Avenue
East Point, Georgia 30344
(404) 766-7109

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in the Times New Roman (14 point) font, as approved by the Court in LR 5.1B

_____
Charles E. Muskett
Ga. State Bar No. 532800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE FARLEY,  :

      Plaintiff,  :

vs.  :  CIVIL ACTION, FILE
NUMBER 1:07-CV-241-CC

PUBLIX SUPER MARKETS, INC.,  :

      Defendant.  :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing pleading to opposing counsel by depositing a copy of same in the United States Mail with sufficient postage affixed thereto to ensure delivery, addressed as follows:

Gene Major, Esq.
Fain, Major & Brennan
100 Glenridge Point Parkway
Suite 500
Atlanta, GA 30342

This 13th day of August, 2007.

_____
Charles E. Muskett

-4-