IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIE FARLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. 1:07-CV-241-CC |
| | : | |
| PUBLIX SUPER MARKETS, INC., | : | |
| | : | |
| Defendant | : | |

### REPLY OF PUBLIX SUPER MARKETS, INC. TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO PUBLIX'S MOTION FOR SUMMARY JUDGMENT

Publix Super Markets, Inc., has moved for summary judgment in the above-referenced matter. In a nutshell, Publix shows that it is entitled to summary judgment because in this premises liability case, it had no superior knowledge of any hazard at its store. The declarations of Dexter Henfield, the Publix store manager and Woody Easley, the assistant store manager were made under oath. Both Mr. Henfield and Mr. Easley confirmed that Publix had no prior knowledge of any problem with its orange drink soda dispenser or ants on December 20, 2004. Those declarations demonstrate that Publix exercised ordinary care in maintaining its premises on that date.

In a feeble attempt to create a fact question, the Plaintiff has submitted her own purported declaration. [Docket #33, #Exhibit B]. The "declaration" is no evidence whatsoever. First, the declaration is not sworn to under oath. The declaration contains no jurat. Alternatively, the declaration fails to comply with 28 U.S.C. § 1746. Thus, the purported "declaration" is not admissible and should not be considered in a ruling upon Publix's Motion for Summary Judgment.

In addition, the statements that the Plaintiff attributes to unidentified, alleged employees of Publix, are not competent evidence. While Plaintiff cites to Georgia Evidentiary Rules regarding *res gestae*, this case is governed by the Federal Rules of Evidence. Publix submits that the Plaintiff has not laid a proper foundation for the admissibility of statements that she attributes to unidentified alleged employees so as to make those statements admissible under Federal Rules of Evidence 801(d)(2). Those alleged statements by unidentified alleged employees of Publix do not create a fact question and do not overcome the declarations of Dexter Henfield, the Publix store manager, or Woody Easley, the Publix assistant store manager.

Further, the Plaintiff's story is at odds with her story that she told medical providers at the DeKalb Medical Center on the day of this alleged injury. The medical records that have been submitted have been authenticated. Those records indicate that Ms. Farley, the Plaintiff, stated that she had consumed a drink with

ants in it. [Exhibit C-1]. That statement is an admission by Ms. Farley pursuant to Federal Rules of Evidence 801(d)(2) that contradicts her current story.

Finally, even if Ms. Farley's story is to be credited, that story is not sufficient to create a fact question as to whether Publix failed to exercise ordinary care in maintaining its premises and as such it exposed Ms. Farley to an unreasonable risk of harm. There is no evidence to suggest that Publix had any reason to suspect that on December 20, 2004, Ms. Farley would be attacked by ants, let alone superior knowledge. See Rhodes v. B.C. Moore & Sons, Inc., 153 Ga. App. 106, 264 S.E.2d 500 (1980) (Summary Judgment granted to store owner who had no reason to suspect that customer would be stung by an insect), Dew v. Motel Properties, Inc., 282 Ga. App. 368, 638 S.E.2d 753 (2006) (Motel owner granted summary judgment because there had been no prior incidents at the hotel involving spider bites).

In Dew v. Motel Properties, Inc., 282 Ga. App. 368, 371 638 S.E.2d 753, 756 (2006), the Georgia Court of Appeals affirmed the grant of summary judgment to a motel owner who the plaintiff sought to hold liable for injuries resulting from an alleged spider bite. The court held as follows:

> The mere fact that an incident occurred does not create a presumption of negligence. In *Rhodes v. B.C. Moore & Sons, Inc.,* we affirmed the grant of summary judgment to a store owner on the plaintiff's

negligence claims, arising out of an incident wherein the plaintiff was stung by a bee in the defendant's store. Since there had been no previous incidents of insect bites in the store, we concluded that the store owner would have had no reason to anticipate the arrival or presence of or attack by a flying, stinging insect. Therefore, we held that there was no actionable negligence because "in the absence of knowledge of such a danger there was no duty on the part of the proprietor to take specific steps to prevent the injury by bee or yellow jacket. The same result is warranted here.

Here, like Dew, summary judgment is warranted because there is no evidence that Publix had any knowledge that any customers had been attacked or bitten by ants prior to the alleged attack on Ms. Farley and thus it had no duty to take any steps to prevent her alleged injury.

## **CONCLUSION**

Publix is entitled to summary judgment. The declarations of Dexter Henfield and Woody Easley, show that Publix had no superior knowledge of any defect at its store. There had been no prior complaints of any problems with ants at the soda drink dispenser. Publix had utilized ordinary care and reasonable means in cleaning and maintaining the drink machine, and in treating the store for insects.

Ms. Farley's current story is at odds with the initial story she provided to the DeKalb Medical Center. Her declaration contains no jurat indicating that it was given under oath and there is no indication that the statement otherwise complies with the requirements of 28 U.S.C. § 1746. Thus, that statement is of no benefit to Ms. Farley.

Finally, Publix had no knowledge, let alone superior knowledge, of a problem with ants attacking or biting customers. Ms. Farley's story, even if credited, does not create a fact question as to Publix's knowledge of ants attacking and biting customers. As such, summary judgment is proper.

        FAIN, MAJOR & BRENNAN, P.C.

        BY: /s/ RICHARD W. BROWN
             GENE A. MAJOR
             Georgia State Bar No. 466650
             RICHARD W. BROWN
             Georgia State Bar No. 089279
             Attorneys for Defendant

100 Glenridge Point Parkway
Suite 500
Atlanta, Georgia 30342
(404) 688-6633

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in the Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

        /s/ RICHARD W. BROWN
        RICHARD W. BROWN
        Georgia State Bar No. 089279

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIE FARLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. 1:07-CV-241-CC |
| | : | |
| PUBLIX SUPER MARKETS, INC., | : | |
| | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed "REPLY OF PUBLIX SUPER MARKETS, INC. TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO PUBLIX'S MOTION FOR SUMMARY JUDGMENT" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Charles E. Muskett, Esquire
1103 Cleveland Avenue
East Point, Georgia 30344

This 16th day of August, 2007.

FAIN, MAJOR & BRENNAN, P.C.

BY: /s/ RICHARD W. BROWN
RICHARD W. BROWN
Georgia State Bar No. 089279
Attorney for Defendant

100 Glenridge Point Parkway
Suite 500
Atlanta, Georgia 30342
(404) 688-6633