IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE FARLEY,

    Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

CIVIL ACTION NO.

1:07-CV-0241-CC

## ORDER

This premises liability action is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 26]. For the reasons stated herein, the Court **DENIES** the Motion for Summary Judgment.

## I.   FACTS[1]

On December 20, 2004, Plaintiff Valerie Farley ("Plaintiff" or "Farley") entered the Publix Super Markets, Inc. ("Publix") grocery store located at Panola Road in Lithonia, Georgia. After entering the grocery store, Plaintiff walked to the deli department and ordered a steak and cheese sandwich combination, which included a soft drink. While waiting for her sandwich to be made, Plaintiff went to the soda dispenser. Plaintiff then placed her cup under the orange soda dispenser when, according to Plaintiff, soda and ants spewed out of the machine such that the soda sprayed her in the chest and everywhere and caused her to fall to the ground where she was bitten by ants.

Prior to the incident giving rise to Plaintiff's lawsuit, no customers of Publix

---

[1] In support of its Motion for Summary Judgment, Publix has submitted a statement of material facts as to which there is no genuine issue to be tried. Plaintiff makes hearsay objections to several of the facts set forth by Publix, but the Court finds that most of these objections are without merit and hereby overrules the objections, except as stated herein.

had complained about any problem with the soda drink dispenser or any ants.[2] Publix had no notice or knowledge that there was any problem with the soda drink dispenser. The routine practice of Publix was to clean the soft drink dispenser each night.

The history Plaintiff provided to the DeKalb Medical Center, where she went for treatment following the incident, does not indicate that she slipped and fell at the Publix store.[3] The chief complaint made by Plaintiff was that she had consumed a drink with ants in it and that she had mid-sternum chest pain and generalized itching. Based on Plaintiff's complaints, the clinical impression of Dr. Gregory

---

[2] Plaintiff repeatedly emphasizes in her responsive filings that she does not contend that there were any problems with the soda dispenser. However, while ants "spewing" out of the soda machine does not constitute a mechanical problem with the soda dispenser, it does constitute a problem with the soda dispenser generally. The Court therefore overrules Plaintiff's objection to Publix's description of the problem as a "problem with the soda drink dispenser."

[3] Plaintiff objects to all facts set forth by Publix that are based on her medical records on the grounds that the medical records are inadmissible and are precluded from being considered by the Court under Georgia law. However, the Court finds that the medical records are admissible pursuant to Federal Rule of Evidence 803(6), and the Federal Rules of Evidence govern the admissibility of evidence in a diversity action because the admissibility of evidence is a procedural matter. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005); Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997). Publix has submitted signed and notarized certificates of authentication of the records, which demonstrate that the medical records are authentic and trustworthy. Accordingly, the Court concludes that these records would be admissible at trial.

The Court also notes that the Court's resolution of the summary judgment motion does not turn upon any of the facts related to the information set forth in the medical records, as Publix relies on these facts specifically to suggest that neither Plaintiff nor her recollection of the events that occurred at Publix is credible. However, in considering a summary judgment motion, credibility determinations are not to be made by the Court. Miller v. Harget, 458 F.3d 1251, 1256 (11th Cir. 2006); Bischoff v. Osceola County, 222 F.3d 874, 876 (11th Cir. 2000); Harris v. Ostrout, 65 F.3d 912, 916-17 (11th Cir. 1995); Perry v. Thompson, 786 F.2d 1093, 1095 (11th Cir. 1986); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987). Further, regardless of whether Plaintiff actually slipped and fell, as she contends, there is no dispute that she sought medical treatment related to ant bites, which were also allegedly proximately caused by Publix's negligence.

Zachary was that Plaintiff had suffered an allergic reaction and ant ingestion. Plaintiff received a GI cocktail, Benadryl, and was released. There was no complaint lodged by Plaintiff to the DeKalb Medical Center on December 20, 2004, that she had stumbled and fell to the floor. Eight months after the alleged incident, Plaintiff sought medical treatment at DeKalb Family Practice Clinic and claimed that she had been bitten by ants.

## II.     STANDARD

Summary judgment is proper when no genuine issue as to any material fact is present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the initial responsibility of asserting the basis for his motion. Celotex v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Apcoa, Inc. v. Fidelity Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325.

After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in the light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. Id. at 248. An issue is genuine

when the evidence is such that a reasonable jury could return a verdict for the nonmovant. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U,S. at 249-50.

## III. DISCUSSION

Under Georgia law, which applies in this diversity action, an owner of real property owes a duty to its invitees to exercise ordinary care in keeping its premises safe. O.C.G.A. § 51-3-1. Nevertheless, merely owning a building does not subject the owner to liability for injuries sustained by invitees. Johnson v. Richardson, 202 Ga. App. 470, 471, 414 S.E.2d 698 (1992). A property owner is not an insurer of the safety of the entrants, and no presumption of negligence attaches to an owner or occupier from a mere showing that an injury was sustained by one who was on the premises. Cleghorn v. Winn Dixie Stores, Inc., 228 Ga. App. 766, 767, 492 S.E.2d 745 (1997); see also Sams v. Wal-Mart Stores, 228 Ga. App. 314, 316, 491 S.E.2d 517 (1997) ("proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor"). To recover under Georgia law, the plaintiff must prove: (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that she lacked knowledge of the hazard, despite the exercise of ordinary care. Robinson v. Kroger Co., 268 Ga. 735, 748-49, 493 S.E.2d 403 (1997).

In the case at bar, Plaintiff has not made a showing that Publix was actually aware of the alleged problem with the soda drink dispenser and the ants. The only evidence submitted in support of Plaintiff's assertion that Publix employees did have actual knowledge is the hearsay evidence Plaintiff gives in her deposition and unsworn declaration. For example, Plaintiff states that someone who she assumes

was an assistant manager at Publix came to her aid after she fell to the ground and called for a clerk behind the deli counter to help assist her. (Declaration of Valerie Farley "Farley Decl." ¶ 3.)[4] According to Plaintiff, as the assistant manager rendered assistance, the deli clerk stated to her, "Those ants are always around the machine because of the sugar." (Id.) Plaintiff's testimony is that the assistant manager nodded his head in agreement. (Id.) Additionally, Plaintiff testified during her deposition that the manager said something like, "I thought we took care of this matter." (Deposition of Valerie Farley "Farley Dep." at 36, 37, 38, 40.) The unnamed deli clerk also supposedly stated, "I had been telling them about those ants." (Id. at 38.) Hearsay, such as this, however, is never admissible and has no probative value unless it comes within a recognized exception to the rule. Notably, Plaintiff does not know the names of any of the employees to whom she refers, and Plaintiff has made no attempt to lay to the proper the foundation such that the statements are admissible under Federal Rule of Evidence 801(d)(2). As such, at least at this summary judgment stage, the Court finds that the statements are inadmissible and that Plaintiff has presented no competent evidence of actual knowledge.

Insofar as Plaintiff has not made a showing of actual knowledge, Publix could be liable only if it had constructive knowledge of the alleged hazardous condition. Constructive knowledge requires proof that an employee of the owner was in the immediate vicinity of the dangerous condition and could have easily noticed and removed the hazard. Thompson v. Regency Mall Assocs., 432 S.E.2d 230 (1993). Alternatively, constructive knowledge may be inferred from evidence showing that the owner failed to exercise reasonable care in inspecting the premises. Id.

---

[4] The Court notes that Plaintiff's declaration is deficient, as it is not sworn to under oath and does not comply with 28 U.S.C. § 1746. However, the Court's consideration of the statement over Defendant's objection is of no moment at this stage of the litigation. As discussed infra, Defendant has not met its burden of showing its entitlement to summary judgment. As such, Plaintiff is not even required to come forward with any evidence at all.

While Plaintiff offers testimony in her deposition that several Publix employees, including a manager and deli clerks, were nearby when the soda and ants spewed out of the machine and that she believes these employees witnessed her slip and fall, Plaintiff has not established that these employees could have easily noticed and removed the ants. According to the testimony in Plaintiff's own declaration, Plaintiff did not see anything unusual when she approached the deli counter. (Farley Decl. ¶ 3.) When Plaintiff attempted to get her drink, "suddenly, without warning, scores of ants ejected themselves from the drink machine," causing her to get bitten to fall backwards onto the floor. (Id.) Plaintiff similarly testified during her deposition that she did not see any ants coming out of the dispenser as she walked up to the dispenser to get her soda. (Farley Dep. at 34.) Insofar as the ants were not visible to Plaintiff until she actually dispensed soda out of the machine, it is reasonable to conclude that the ants likewise would not have been visible to the Publix employees. As such, Plaintiff cannot prevail on a constructive knowledge theory that Publix employees were in the immediate vicinity and could have easily noticed the ants and removed them. See Bolton v. Wal Mart Stores, Inc., 257 Ga. App. 198, 198, 570 S.E. 2d 643 (2002) ("Showing that an employee was in the vicinity of a foreign substance is not sufficient to preclude summary judgment. It must be shown that the employee was in a position to have easily seen the substance and removed it."); Kitchens v. Restaurant Mgmt. Servs., 192 Ga. App. 313, 314, 385 S.E.2d 11 (1989) (employees must be able to discover and remove hazard for plaintiff to establish constructive knowledge).

Nor is there any evidence of prior complaints that might have put Publix on notice of the hazard. In fact, Publix has presented evidence in the form of a declaration of the store manager of the Publix location at issue, and he attests as follows: "On December 20, 2004, no employees or customers made any complaints that there was a problem with the orange soda dispenser in the deli department. Publix was not notified by any employees or customers that the orange drink

dispenser was spewing ants." (Declaration of Dexter Henfield "Henfield Decl." ¶ 8.) The store manager further attests that "[t]here has never been a problem with the soda machine involving ants or insects." (Id. ¶ 9.) Woody Easley, the assistant manager who was on duty on the day in question, has attested similarly. (Declaration of Woody Easley "Easley Decl." ¶¶ 7-8, 10.)

Plaintiff survives summary judgment in this case, however, because the evidence relied on by Publix pertaining to its inspection and cleaning of the soft drink dispenser is inadequate. To prevail on summary judgment, an owner like Publix must show "not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." Davis v. Bruno's Supermarkets, 263 Ga. App. 147, 148, 587 S.E.2d 279 (2003) (citation omitted). Here, Publix presents evidence that the soft drink dispenser is cleaned on a nightly basis. However, Publix has presented no evidence that the machine in question was actually cleaned the evening before Plaintiff's incident. Rather, Publix's store manager and assistant manager simply attested to what is typically done. (See Henfield Decl. ¶ 9; Easley Decl. ¶ 8.) This testimony is insufficient. See Kauffman v. Eastern Food & Gas, 246 Ga. App. 103, 103, 539 S.E.2d 599 (2000) ("Here the owners only showed that every eight hours a cleaning inspection was to be done .... They produced no testimony or documentation that any inspections were actually done on the day in question."); Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 748, 527 S.E.2d 36 (1999) (holding that affidavit of store manager who did not personally observe or have personal knowledge that an inspection procedure was actually carried out at the time in question was insufficient to meet defendant's burden on summary judgment); Daniel v. John Q. Carter Enterprises, 218 Ga. App. 223, 225, 460 S.E.2d 838 (1995) ("Evidence establishing an adherence to customary inspection and cleaning procedures on the day in question is required[,] while proof of the mere existence of such customary procedures is insufficient."). The store manager and assistant manager in this case do aver that, "[a]t the time of this alleged

incident, the store was regularly inspected and treated by Orkin Exterminating Company." (Id.) However, "regularly" is an ambiguous term. Insofar as a place like a deli counter in a grocery store is susceptible to spills and insects, a jury could reasonably find that neither the nightly machine cleanings nor the inspections and treatments by Orkin were reasonable in terms of their frequency. See Gibson v. Halpern Enterprises, 288 Ga. App. 790, 793, 655 S.E.2d 624 (2007) (mentioning that the defendant must present evidence establishing that "the frequency and extent of the inspections were reasonable under the circumstances"); Shepard, 241 Ga. App. at 748 ("Even if the [store manager's] affidavit was not defective, we cannot conclude as a matter of law that Winn Dixie's inspection procedures were reasonable under the circumstances.").

### IV. CONCLUSION

In light of the foregoing, the Court concludes that jury issues remain, which preclude summary judgment. The Court **DENIES** Defendant's Motion for Summary Judgment [Doc. No. 26] and **DIRECTS** the parties to file a consolidated pretrial order in compliance with the Local Rules of this Court.

SO ORDERED this 28th day of March, 2008.

*s/ CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE